UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROSE J. FOX,

               Plaintiff,                        1:16-CV-0770
                                               (GTS/DJS)
v.

FOREST RIVER, INC.; and FORD MOTOR CO.,

               Defendants, Cross-Claimants,
               and Cross-Defendants,

v.

BOAT-N-RV WAREHOUSE,

               Cross-Defendant.
_____

APPEARANCES:                               OF COUNSEL:

LEMBERG LAW, LLC                   SERGEI LEMBERG, ESQ.
  Counsel for Plaintiff               VLAD HIRNYK, ESQ.
43 Danbury Road
Wilton, CT 06897

NAPIERSKI, VANDENBURGH,         EUGENE D. NAPIERSKI, ESQ.
NAPIERSKI & O'CONNOR, LLP        DIANE L. SCHILLING, ESQ.
  Counsel for Defendant Forest River, Inc.
296 Washington Avenue Extension
Albany, NY 12203

DOBIS, RUSSELL & PETERSON       JAMES STEVEN DOBIS, ESQ.
  Counsel for Defendant Ford Motor Co.
326 South Livingston Avenue
Livingston, NJ 07039

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this breach-of-warranty action filed by Rose J. Fox

("Plaintiff") against the two above-captioned Defendants/Cross-Claimants/Cross-Defendants as

well as their Cross-Defendant Boat-N-RV Warehouse ("BNRV"), is a motion filed by BNRV, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, to compel arbitration of all claims and cross-claims asserted against it and either dismiss the Complaint without prejudice or stay the action pending completion of arbitration. (Dkt. No. 16.) For the reasons set forth below, BNRV's motion is denied.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint alleges as follows. In August 2015, Plaintiff purchased a motor home from BNRV, a motor home dealership located in West Coxsackie, New York. (Dkt. No. 1 at ¶¶ 5, 8 [Plf.'s Compl.].) Forest River, Inc. ("Forest River") (the principal place of business of which is located in Indiana) manufactured the motor home, and Ford Motor Company ("Ford") (the principal place of business of which is located in Michigan) manufactured the motor home's chassis. (*Id.* at ¶¶ 6-7.) After taking delivery of the motor home, Plaintiff noticed a "steering problem" with the motor home and "other noncomformities" in its living quarters. (*Id.* at ¶¶ 13-14.) Plaintiff advised BNRV, Forest River, and Ford of these problems; but each "neglected, failed, refused or otherwise [were] unable to" repair the problems. (*Id.* at ¶ 22.)

Because this Decision and Order is intended primarily for the review of the parties, the Court will not further recite the factual allegations contained in Plaintiff's Complaint. Rather, the Court refers the reader to Plaintiff's Complaint in its entirety.

Based upon the foregoing, Plaintiff asserts the following claims: (1) a claim of breach of warranty pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; (2) a claim pursuant to New York State's Lemon Law, N.Y. Gen. Bus. Law § 198-a; (3) claims of breach of

implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act and New York Uniform Commercial Code § 2-314; (4) a claim of breach of certain express warranties; (5) a claim for revocation of acceptance; (6) a claim for breach of the obligations of good faith and fair dealing pursuant to New York Uniform Commercial Code § 1-304; and (7) a claim of breach of New York Gen. Bus. Law § 349. (*Id.* at ¶¶ 23-69.)

**B.  Ford's Answer**

Generally, in its Answer, Ford denies the material substantive allegations of Plaintiff's Complaint, raises certain affirmative defenses, and asserts cross-claims against Forest River and BNRV for contribution and contractual indemnification. (Dkt. No. 11 [Ford's Ans.].)

**C.  Forest River's Verified Answer**

Generally, in its Verified Answer, Forest River denies the material substantive allegations of Plaintiff's Complaint, raises certain affirmative defenses, and asserts cross-claims against Ford and BNRV for contribution. (Dkt. No. 14 [Forest River's Ver. Ans.].)

**D.  Parties' Briefing on BNRV's Motion to Compel Arbitration**

**1.  BNRV's Memorandum of Law**

Generally, in support of its motion to compel arbitration, BNRV argues as follows: (1) the purchase agreement pursuant to which Plaintiff bought the motor home contained a provision requiring that any disputes related to the purchase be arbitrated in Knox County, Tennessee; (2) the claims asserted in Plaintiff's Complaint are arbitrable; (3) the cross-claims asserted against BNRV are also arbitrable because they are "inextricably intertwined" with Plaintiff's claims; and (4) the Court should dismiss Plaintiff's Complaint as against BNRV or, in the alternative, stay

the action pending arbitration.[1]  (Dkt. No. 16, Attach. 1 [BNRV's Memo. of Law].)

### 2.    Ford's Opposition Memorandum of Law

Generally, in response to BNRV's motion, Ford argues that, while it does not oppose

arbitration between Plaintiff and BNRV, Ford is not required to arbitrate Plaintiff's claims or any

cross-claims because it was not a party to the purchase agreement between Plaintiff and BNRV.

(Dkt. No. 20 at 1-2 [Ford's Opp'n Memo. of Law].)

### 3.    Forest River's Response

Generally, in response to BNRV's motion, Forest River argues as that, while it does not

oppose arbitration between Plaintiff and BNRV, Ford is not required to arbitrate Plaintiff's

claims or any cross-claims because it was not a party to the purchase agreement between

Plaintiff and BNRV.  (Dkt. No. 25 [Forest River's Atty. Affirm.].)[2]

---

[1]    The purchase agreement at issue provides, among other things, as follows:

Without regard to their respective domiciles, the parties hereto agree that the purchase and sale of the vehicle(s) described on Page 1 of this Agreement is an act of interstate commerce implicating the Federal Arbitration Act to the exclusion of any and all State arbitration acts.  **THE PARTIES FURTHER AGREE THAT ANY CLAIM OR CONTROVERSY ARISING OUT OF OR OTHERWISE RELATING TO THIS AGREEMENT, INCLUDING THE MAKING THEREOF, SHALL BE RESOLVED THOUGH** [*sic*] **BINDING ARBITRATION CONDUCTED BY AND THROUGH THE AMERICAN ARBITRATION ASSOCIATION, WITH THE SEAT OF SUCH ARBITRATION TO BE LOCATED IN KNOX COUNTY, TENNESSEE, TO THE EXCLUSION OF ALL OTHER LOCALES**.

(Dkt. No. 16, Attach. 2, at 4 of CM/ECF Pagination [Purchase Agreement].)

[2]    Forest River is respectfully reminded that, pursuant to the Court's Local Rules of Practice, legal arguments must be set forth in a memorandum of law (and not in an affidavit or affirmation).  N.D.N.Y. L.R. 7.1(a)(1), (2).

### E. Further Procedural History

After BNRV's motion to compel arbitration was briefed by the parties (as summarized above), Plaintiff and BNRV entered into a stipulation by which all of Plaintiff's claims against BNRV were dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Dkt. No. 29 [Stip. of Dismissal, entered 12/21/2016].) The stipulation did not affect any "claims or cross-claims brought by" Forest River and/or Ford against BNRV. (*Id.*)

## II. GOVERNING LEGAL STANDARD

Defendant's motion to compel arbitration is made under the Federal Arbitration Act ("FAA"), which requires federal courts to enforce arbitration agreements and stay any litigation that contravenes such agreements. 9 U.S.C. §§ 2 and 3; *McMahan Sec. Co. v. Forum Capital Mkts. L.P.*, 35 F.3d 82, 85-86 (2d Cir. 1994). The FAA does not require parties to arbitrate, however, "when they have not agreed to do so." *McMahan Sec. Co.*, 35 F.3d at 86 (quoting *Volt Info. Sci. Inc. v. Bd. of Tr.*, 489 U.S. 468, 478 [1989]).

The FAA is an expression of "a strong federal policy favoring arbitration as an alternative means of dispute resolution." *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001). In fact, the Second Circuit has said that "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we have often and emphatically applied." *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006) (citation and internal quotation marks omitted).

However, "emphatic application does not amount to automatic application." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010). This is because the FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon

such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements[.]" *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).  "As a result, prior to compelling arbitration, the district court must first determine two threshold issues that are governed by state rather than federal law: (1) [d]id the parties enter into a contractually valid arbitration agreement[;] and (2) [i]f so, does the parties' dispute fall within the scope of the arbitration agreement?" *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003).

In the context of motions to compel arbitration pursuant to the FAA, "the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003).  "If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." *Bensadoun*, 316 F.3d at 175 (citing 9 U.S.C. § 4).  However, "[i]f the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co., Inc. v Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995) (citing *Manning v. Energy Conversion Devices, Inc.*, 833 F.2d 1096, 1103 [2d Cir. 1987] ["A party resisting arbitration on the ground that no agreement to arbitrate exists must submit sufficient evidentiary facts in support of this claim in order to precipitate the trial contemplated by 9 U.S.C. § 4."]).

## III.    ANALYSIS

### A.    Whether Defendant's Motion to Compel Arbitration Should Be Granted

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Forest River's and Ford's opposition papers.  (Dkt. No. 20 at 1-2 [Ford's

Opp'n Memo. of Law]; Dkt. No. 25 [Forest River's Atty. Affirm.].)  To those reasons, the Court adds the following analysis.

As an initial matter, because Plaintiff and BNRV have stipulated to the dismissal of Plaintiff's claims against BNRV without prejudice, the Court denies as moot BNRV's motion to compel arbitration of Plaintiff's claims.  As a result, the only remaining claims against which BNRV's motion to compel arbitration is directed are the cross-claims asserted against BNRV by Forest River and Ford.

With respect to these remaining cross-claims, the Court notes that the record does not suggest that either Forest River or Ford have entered into a contractual arbitration agreement with BNRV, and BNRV does not argue that they have.  *Cap Gemini Ernst & Young, U.S., L.L.C.*, 346 F.3d at 365.

"[A] court should be wary of imposing a contractual obligation to arbitrate on a non-contracting party[.]"  *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97 (2d Cir. 1999); *accord, Doctor's Assocs. Inc. v. Edison Subs, LLC*, 13-CV-0839, 2014 WL 29128, at *2 (D. Conn. Jan. 3, 2014).  Generally, "[d]espite the liberal federal policy favoring arbitration agreements, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 127 (2d Cir. 2011) (citations and internal quotation marks omitted).  However, the Second Circuit has "recognized five theories for binding nonsignatories to arbitration agreements: 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel."  *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995); *accord, e.g., MAG Portfolio Consultant, GMBH v.*

*Merlin Biomed Grp. LLC*, 268 F.3d 58, 61 (2d Cir. 2001); *Adelphia Recovery Tr.*, 05-CV-9050, 2009 WL 2031855, at *8 (S.D.N.Y. July 8, 2009). Here, BNRV has not expressly argued (much less shown) that any of these theories applies to Forest River's and Ford's cross-claims. Rather, as noted above, BNRV argues that these cross-claims are "inextricably intertwined" with Plaintiff's claims, which (BNRV argues) are subject to arbitration pursuant to the purchase agreement. (Dkt. No. 16, Attach. 1, at 5.) Even if this is an accurate characterization, however, it does not compel a non-contracting party to arbitrate in lieu of its jury right.

The Court finds that the current record provides no basis for concluding that any of the theories enumerated above require Forest River or Ford, who are non-signatories to the purchase agreement, to arbitrate their cross-claims in Tennessee (or anywhere else).[3] More specifically, Plaintiff has not adduced evidence establishing, and Defendants do not argue in their opposition papers, that (1) the arbitration provision in the purchase agreement was incorporated by reference in any other agreement to which Forest River or Ford are a party, (2) Forest River or Ford have legally assumed an obligation to arbitrate, (3) "[t]raditional principles of agency" have bound them to arbitrate their cross-claims against BNRV, or (4) any corporate relationship exists between these entities. *Thomson-CSF, S.A.*, 64 F.3d at 777. Nor has BNRV established or argued that Forest River or Ford have "'knowingly accepted the benefits' of [the] agreement with an arbitration clause"–that is, the purchase agreement–such that they should be bound to arbitrate

---

[3]       The Court notes that Plaintiff's Complaint asserts each of the claims therein against all Defendants. Plaintiff's claims against Forest River and Ford remain pending in this case, and no party has argued that these claims are subject to arbitration. Moreover, the parties do not dispute that "a cross-claim, once properly made, does not cease to be proper because the defendant to whom it was addressed ceased to be a defendant." *Zanghi v. Sisters of Charity Hosp. of Buffalo, N.Y.*, 12-CV-0765, 2013 WL 706241, at *2 (W.D.N.Y. Feb. 26, 2013) (quoting *Lipford v. N.Y. Life Ins. Co.*, 02-CV-0092, 2003 WL 21313193, at *4 [S.D.N.Y. June 9, 2003]).

despite the fact that they are non-signatories to the purchase agreement. *MAG Portfolio Consultant, GMBH*, 268 F.3d at 61 (quoting *Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S.*, 9 F.3d 1060, 1064 [2d Cir. 1993]). While BNRV argues that the resolution of the cross-claims asserted by Forest River and Ford is likely to be very closely related to the resolution of Plaintiff's direct claims against BNRV, this likelihood alone cannot bind Forest River and Ford to arbitrate its cross-claims based on BNRV's purchase agreement with Plaintiff. *See Thomson-CSF, S.A.*, 64 F.3d at 780 ("A nonsignatory may not be bound to arbitrate except as dictated by some accepted theory under agency or contract law."); *accord, Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001) ("While federal policy generally favors arbitration, the obligation to arbitrate nevertheless remains a creature of contract. Because arbitrators' authority arises only when the parties agree in advance to that forum, a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.") (internal quotation marks omitted); *see generally Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985) ("[T]he Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, *even where* the result would be the possibly inefficient maintenance of separate proceedings in different forums.") (emphasis added). In sum, BNRV has not established an entitlement to arbitration of the cross-claims asserted against it. *Oppenheimer*, 56 F.3d at 358.

Finally, the Court notes that BNRV's reliance on *Choctaw Gen. Ltd. P'Ship v. Am. Home Assurance Co.*, 271 F.3d 403 (2d Cir. 2001), is misplaced. In *Choctaw*, the Second Circuit held that a *non-signatory* surety that was explicitly named in a construction contract could avail itself of the construction contract's arbitration clause because its dispute with a *signatory* party

concerned "the duty to replenish [the] letter of credit." 271 F.3d at 406. The Court does not find *Choctaw* analogous to the present case, in which a signatory party to the purchase agreement (BNRV) seeks to bind *non-signatory* parties (Forest River and Ford) to an arbitration provision that refers only to "the parties" to the purchase agreement (Dkt. No. 16, Attach. 2, at 4.)

For each of these reasons, the Court concludes that the BNRV has not established that Forest River or Ford are bound by Plaintiff's purchase agreement with BNRV, such that they are required to arbitrate their cross-claims.[4]

### B.      Whether This Action Should Be Stayed Pending the Outcome of Any Arbitration Between Plaintiff and BNRV

BNRV argues that, because the claims and cross-claims asserted against it are arbitrable, a stay in this case is mandatory under the FAA. (Dkt. No. 16, Attach. 1, at 4-5.) In their respective responses, Forest River and Ford state that they do not oppose arbitration of Plaintiff's claims against BNRV, and summarily argue that this case should be stayed pending the outcome of the Plaintiff/BNRV arbitration. (Dkt. No. 20 at 2 [Ford's Opp'n Memo. of Law]; Dkt. No. 25 at ¶ 7 [Forest River's Atty. Affirm.].)

The Court concludes that, based upon the information presently before it, Defendants have not established that a stay is warranted. As an initial matter, the Court notes that the FAA contemplates a stay in relation to a plaintiff's claims (rather than dismissal of the claims) "after all claims have been referred to arbitration and a stay requested." *Katz v. Pellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) (citing 9 U.S.C. § 3). Here, because Plaintiff has stipulated to dismissal

---

[4]      Because Plaintiff has stipulated to the dismissal of her claims against BNRV, Forest River's and Ford's claims against BNRV might be better characterized as third-party claims for indemnification and/or contribution. For purposes of the present motion, the nomenclature used does not alter the Court's analysis.

of her claims against BNRV, the Court has no occasion to address the arbitrability of her claims at this juncture. Moreover, the Court is not "satisfied that the issue involved" on BNRV's motion to compel arbitration of Forest River's and Ford's cross-claims "is referable to arbitration under" the purchase agreement. 9 U.S.C. § 3. The Court therefore declines to issue a stay pursuant to 9 U.S.C. § 3.

Moreover, while "[i]t [may be] appropriate, as an exercise of the district court's inherent powers, to grant a stay where the pending proceeding is an arbitration in which issues involved in the case may be determined," Forest River and Ford have not argued with any specificity that exercise of the Court's inherent power is appropriate in this case. *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991). As noted above, still pending before the Court are not only Ford's cross-claims against Forest River and BNRV for contribution and contractual indemnification (Dkt. No. 11 [Ford's Ans.]) and Forest River's cross-claims against Ford and BNRV for contribution or indemnification (Dkt. No. 14 [Forest River's Ver. Ans.]), but also all of Plaintiff's direct claims against Forest River and Ford. The party seeking a stay pursuant to the Court's inherent power bears the burden "to show (1) 'that it will not hinder arbitration,' (2) 'that the arbitration will be resolved within a reasonable time,' and (3) 'that such delay that may occur will not cause undue hardship to the non-moving party.'" *Greenlight Reinsurance, Ltd. v. Appalachian Underwriters, Inc.*, 958 F. Supp. 2d 507, 521 (S.D.N.Y. 2013) (quoting *The Orange Chicken, L.L.C. v. Nambé Mills, Inc.*, 00-CV-4730, 2000 WL 1858556, at *9 [S.D.N.Y. Dec. 19, 2000]). None of the Defendants (that is, BNRV, on its motion to compel arbitration of Plaintiff's claims and the cross-claims, and Forest River and Ford, in their responses) have met that burden

here.[5]

For the foregoing reasons, Defendants' respective requests to stay this action are denied.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Boat-N-RV Warehouse's motion to compel arbitration and stay or dismiss this action (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that Plaintiff's claims against Defendants Forest River and Ford Motor Company, Defendant Forest River's cross-claims, and Defendant Ford Motor Company's cross-claims **REMAIN PENDING** in this case; and it is further

**ORDERED** that this case is referred back to United States Magistrate Judge Daniel J. Stewart for discovery and the settling of pretrial deadlines.

Dated: June 16, 2017
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[5]     Indeed, based upon the information before the Court, it is not clear whether the parties have commenced arbitration or currently intend to do so.